**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTA MACDONALD ACORD,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>  Defendant - Appellee. | No. 12-35933<br><br>D.C. No. 4:12-cv-00026-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted April 11, 2014[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Roberta MacDonald Acord (Acord) appeals the district court's order that

granted summary judgment in favor of the Commissioner of the Social Security

Administration (Commissioner) and upheld the decision of the administrative law

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge (ALJ) to deny Acord's application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Substantial evidence supported the decision of the ALJ to accord the treating physician's opinion little weight. The ALJ discounted Dr. Cohan's opinion that Acord was disabled because determination of a claimant's ultimate disability is a decision reserved for the Commissioner. *See McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011), *as amended*. Moreover, Dr. Cohan reached his conclusion after one visit with Acord. *See Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) (noting that the ALJ may discount the opinion of a treating physician who has not seen the patient long enough to develop a "longitudinal picture"). Finally, Dr. Cohan's opinions were not supported by his treatment notes, which indicated that the results of Acord's physical examination were normal, and showed improvements while Acord worked.

2.      Substantial evidence also supported the ALJ's determination that Acord's subjective complaints were not credible. At a minimum, Acord's ability to work, function independently, and take care of her personal needs were inconsistent with her subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting that pain testimony may be undermined by testimony regarding daily activities).

**3.** The hypothetical the ALJ posed to the vocational expert included all of Acord's documented limitations. The ALJ was not required to include "other limitations that [Acord] had claimed, but had failed to prove." *Rollins*, 261 F.3d at 857.

**AFFIRMED.**